IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NEBRASKA ASSOCIATION OF SCHOOL BOARDS, INC., | ) ) ) | Case No.: 4:08CV3052 |
| Interpleader Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| STRATEGIC GOVERNMENTAL SOLUTIONS, INC., MECCATECH, INC., AND EDUCATIONAL SERVICES & PRODUCTS, LLC, | ) ) ) ) ) ) | |
| Interpleader Defendants. | ) | |

This matter is before the Court on the Motion for Preliminary Injunction (Filing No. 6) submitted by Interpleader Plaintiff Nebraska Association of School Boards, Inc. ("NASB"). On March 24, 2008, this Court entered a Temporary Restraining Order preventing Strategic Governmental Solutions, Inc. ("SGS"), MeccaTech, Inc. ("MTI"), and Educational Services & Products, LLC ("ESP LLC") (collectively, the "Interpleader Defendants") from instituting or prosecuting any action against NASB in any state or United States court for the recovery of the funds or otherwise affecting the funds at issue in this case. (Filing No. 13). On April 14, 2008, the Court held a hearing on NASB's Motion for Preliminary Injunction.[1]

---

[1] Notice of the April 14, 2008, Preliminary Injunction hearing was provided to the Interpleader Defendants (Filing No. 16). After the Court entered the TRO, one of the Interpleader Defendants, SGS, filed for Chapter 7 bankruptcy in the Northern District of New York. However, the bankruptcy automatic stay does not apply to these proceedings because an Interpleader action is not an action to obtain possession of property of the bankruptcy estate or property from the estate, even though the debtor is one of the parties that is claiming an interest in the Interpleader funds. The funds are not considered part of the bankruptcy estate prior to a determination of title. *Price & Pierce Intern. Inc. v. Spicers*

## FACTUAL BACKGROUND

Effective July 1, 2005, NASB entered into a Letter-of-Agreement with Educational Systems & Products, a division of SGS.[2] (Filing No. 5, Amended Complaint ¶ 7, Attachment A.)  Pursuant to the Letter-of-Agreement, SGS was to assist certain Nebraska school districts with filing medicaid reimbursement requests; in return SGS was to be paid a percentage of the amounts the school districts recovered.  (Id. ¶ 8 and 9).  As of the date of the Interpleader action, NASB had approximately $600,000 in funds that would ordinarily be paid to SGS.  (Id. ¶ 10).  MTI asserted a claim to those funds, as well as funds that NASB expects to receive from the State of Nebraska that would normally be payable to SGS.  On March 18, 2008, NASB initiated this Interpleader Action to determine the rightful payee.  (Filing No. 1).

On March 21, 2008, ESP LLC notified NASB that SGS had assigned its rights in the Letter-of-Agreement to ESP LLC in July of 2007.  ESP LLC requested the funds and indicated that if "this matter is not resolved in a timely basis, [outside counsel has been instructed] to initiate whatever legal actions he deems to be appropriate against NASB and/or any other applicable entities."  (Filing No. 5-4, p. 3, post script).

On March 21, 2008, NASB filed a Motion for Temporary Restraining Order and Preliminary Injunction.  After notice was provided to all parties, on March 24, 2008, the Court entered an Order permitting NASB to deposit $607,426.63 into the registry of the

---

*Intern. Paper Sales, Inc.*, 50 B.R. 25 (S.D.N.Y. 1985).

[2] There are two separate entities with nearly identical names, Educational Systems & Products, a division of SGS, and Educational Systems & Products, LLC, a Michigan corporation.  (See Filing No. 5-2, Letter-of-Agreement and Filing No. 5-4, March 21, 2008 letter from ESP LLC to Andre Barry, attorney for Interpleader Plaintiff.)

Court.  The Court also granted NASB's request for an Order enjoining the Interpleader Defendants from instituting or prosecuting any action against NASB in any state or United States court for the recovery of the funds or otherwise affecting the funds at issue in this case.  NASB now requests that the Court enter an Order continuing the Injunction.

**LAW**

Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may, in a single suit, join two or more parties asserting mutually exclusive claims to the money or property. The stakeholder is thereby freed from the threat of multiple liability and/or the vexation of multiple lawsuits.  *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976).  Requisite to the maintenance of an interpleader action is that the stakeholder be subject to multiple adverse claims against a single fund or liability.  *Id.*

There are two forms of Interpleader in the federal system: Statutory Interpleader under 28 U.S.C. § 1335 and Rule Interpleader under Fed. R. Civ. P. 22.  Under each, the Court has the power to enter an injunction to prevent other actions; however, the procedural rules under each form of interpleader vary slightly.  In this case, the Court has jurisdiction under both forms of Interpleader.  Jurisdiction is proper under 28 U.S.C. § 1335 (Statutory Interpleader) in that at least two claimants are diverse  (MeccaTech and ESP are believed to be Michigan corporations and SGS is a Delaware corporation) and the Interpleader Plaintiff has custody or possession of more than $500  and is willing to pay that money into the registry of the Court, there to abide the judgment of the Court.  28 U.S.C. § 1335.

Jurisdiction is also proper under 28 U.S.C. § 1332 (Diversity) and Interpleader is available under Fed. R. Civ. P. 22, because the Plaintiff's citizenship is diverse to all the Interpleader Defendants and Plaintiff has custody or possession of money or property valued at $75,000.  Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1397.

**Injunctions Under Statutory Interpleader**

In a Statutory Interpleader action, a federal court has the power to enjoin other actions seeking a determination of the rights in the stake being contested.  28 U.S.C. § 2361.[3]  The issuance of an injunction under 28 U.S.C. § 2361 is discretionary.  *See, e.g., Koehring Co. v. Hyde Construction Co.,* 424 F.2d 1200, 1202 (7th Cir. 1970); *Holcomb v. Aetna Life Insurance Co.,* 228 F.2d 75, 82 (10th Cir. 1955); *Hickok v. Gulf Oil Corp.*, 265 F.2d 798 (6th Cir. 1959).  In the exercise of that discretion, the Court is guided by the principles that (1) a federal court should not undertake lightly to enjoin proceedings in another federal court *(see Landis v. North American Co.*, 299 U.S. 248, 255 (1936)), and (2) interpleader relief may be denied if there is an adequate remedy elsewhere. *See Koehring Co. v. Hyde Construction Co.*, 424 F.2d at 1202.

Pursuant to 28 U.S.C. § 2361:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title [28 U.S.C. § 1335], a district court may issue its process for all

---

[3] The injunctive power of a federal court in a Statutory Interpleader action is nationwide; accordingly, suits in states other than the one in which the court sits may be enjoined.  *See, U.S. v. Major Oil Corp.*, 583 F.2d 1152 (10th Cir. 1978); *Mid-American Indem. Co. v. McMahan,* 666 F. Supp. 926 (S.D. Miss. 1987); *Sotheby's, Inc. v. Garcia,* 802 F. Supp. 1058 (S.D. N.Y. 1992) (holding true even if the state action was filed first).  A court's injunctive power may be employed to prevent the institution, as well as the prosecution, of other lawsuits in both state and federal courts.  28 U.S.C.. § 2361; *See, Ross v. International Life Ins. Co.*, 24 F.2d 345 (6th Cir. 1928); *Metropolitan Life Ins. Co. v. Kwicinski*, 78 F.R.D. 235 (E.D. Wis. 1978).

claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

Under Statutory Interpleader, (1) no notice is required before entering the temporary or preliminary injunctions (28 U.S.C. § 2361, *Holcomb v. Aetna Life Ins. Co.,* 228 F.2d 75, 82 (10th Cir. 1955); *Aetna Cas. & Sur. Co. v. Ahrens*, 414 F. Supp. 1235, 1243 (S.D. Tex. 1975)); and (2) the Interpleader plaintiff must deposit the funds with the court. *U.S. v. Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978).

**Injunctions Under Rule Interpleader**

Under Rule Interpleader, the Court can enter an injunction under Fed. R. Civ. P. 65. Whether a preliminary injunction may issue under Rule 65 involves consideration of: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *See also, Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (applying Rule 65 considerations to a Rule 22 Interpleader Motion for Injunction).

If an injunction is not granted in this case, NASB will suffer irreparable harm. ESP LLC has threatened to "initiate whatever legal actions [outside counsel] deems to be appropriate against NASB." (Filing No. 5-4, Attachment C.) Lawsuits in another forum

5

would destroy the relief to which NASB is entitled, and constitute irreparable harm. *Geler v. National Westminster Bank USA,* 763 F. Supp. 722, 728-29 (S.D.N.Y. 1991).

MTI has appeared and does not object to the issuance of the injunction. ESP LLC has not appeared. NASB is likely to succeed on the merits of the Interpleader claim. A stakeholder faced with two or more competing claims to the same funds has a right to bring an Interpleader action, even if some or all of the claims against the stake are prospective. *See Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1308 (8th Cir. 1977); *American Family Mut. Ins. Co. v. Roche,* 830 F. Supp. 1241, 1245 (E.D. Wis. 1993). It does not appear that NASB has any obligation to any of the parties other than the payment of these funds; thus, it is likely that NASB will succeed in its Interpleader action, and this factor weighs in favor of the Court granting the injunctive relief requested.

Public interest also strongly favors an injunction in this matter. This Court has jurisdiction over the parties in *MeccaTech, Inc. v. Kiser, et al.*, Case No. 8:05cv570 (D. Neb.), which will determine whether ESP, SGS or MeccaTech is entitled to the funds deposited in this case, and both 28 U.S.C. § 1335 and Rule 22 were enacted to limit multiple litigation and prevent inconsistent results.[4]

**CONCLUSION**

NASB has met its burden of demonstrating that injunctive relief is warranted, whether the standards of Statutory Interpleader or Rule Interpleader are applied. For the foregoing reasons, the Interpleader Defendants Strategic Governmental Solutions, Inc.,

---

[4] The bankruptcy automatic stay may delay a determination of the 05cv570 matter; however, the pending bankruptcy action illustrates the need to limit additional litigation and prevent inconsistent results.

MeccaTech, Inc., and Educational Services & Products, LLC , together with their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, will be enjoined from instituting or prosecuting any action against NASB in any state or United States court for the recovery of the funds or otherwise affecting the funds at issue in this case.

IT IS ORDERED:

1. That the request for a Preliminary Injunction (Filing No. 6) is granted;

2. That the Clerk of the Court shall continue to hold the funds deposited by NASB in the amount of $607,426.63 in the registry of the Court, invested in an interest-bearing account, until further notice of the Court;

3. That Defendants Strategic Governmental Solutions, Inc. ("SGS"), MeccaTech, Inc. ("MeccaTech"), Educational Services & Products, LLC ("ESP LLC"), together with their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, are hereby restrained and enjoined from instituting or prosecuting any action against the NASB in any state or United States court for the recovery of the funds or otherwise affecting the funds at issue in this case;

4. That Case No. 8:05cv570, *MeccaTech, Inc. v. Kiser, et. al*, currently pending before this Court, is not subject to this Order;

5. That the Interpleader Plaintiff shall give notice of this action to the bankruptcy trustees for Strategic Governmental Solutions, Inc., Case. No. 08-11047-1-rel (N.D.N.Y.):  Philip J. Danaher, 252 Broadway, Rensselaer, NY 12144, and U.S. Trustee, Diana G. Adams, U.S. Trustee, 74 Chapel Street, Suite 200, Albany, NY 12207; and

6. That the Plaintiff shall serve copies of this Order on all parties and file within ten (10) days of this Order a proof of service.

Dated this 14th day of April, 2008.

          BY THE COURT:

          s/Laurie Smith Camp
          United States District Judge