IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA ASSOCIATION OF SCHOOL BOARDS, INC., <br><br>          Interpleader Plaintiff, <br><br>   vs. <br><br> STRATEGIC GOVERNMENTAL SOLUTIONS, INC.; MECCATECH, INC.; EDUCATIONAL SERVICES & PRODUCTS, LLC; and FIFTH THIRD BANK, <br><br>          Interpleader Defendants. | 4:08CV3052 <br><br> SCHEDULING ORDER |

     On June 26, 2008 counsel for the Nebraska Association of School Boards, Inc. (NASB), MeccaTech, Inc. (MTI), and Fifth Third Bank filed a report of their Rule 26(f) planning conference [44]. Counsel for Strategic Governmental Solutions, Inc. (SGS) and Educational Services & Products, LLC (ESP LLC) failed or refused to participate in the conference.

     SGS and ESP LLC have both filed bankruptcy petitions in the Northern District of New York[1]. There are currently motions pending in each bankruptcy to lift the automatic stay as it pertains to the underlying litigation in *MeccaTech v. Kiser, et al.*, Case No. 8:05-CV-570. Motions have been filed in both the SGS and ESP LLC bankruptcy proceedings seeking a declaration that the automatic stay does not apply to this interpleader action. It also appears that certain adversary actions initiated in the bankruptcy proceedings will determine whether Fifth Third Bank has a valid security interest in the assets of ESP LLC and SGS, and whether the transfer of assets from SGS to ESP LLC in July 2007 (and Fifth Third Bank's asserted priority interest in the same) should be set aside as a preference and/or a fraudulent conveyance.

---

    [1]Documents filed in the bankruptcy proceedings now pending in the Northern District of New York (Cases Nos. 08-11047 and 08-11400) can be reviewed on PACER, http://pacer.psc.uscourts.gov/.

Although Judge Smith Camp previously ruled that the bankruptcy automatic stay does not apply to this interpleader proceeding *see* Filing No. 31 (granting NASB's Motion for Preliminary Injunction), the legality of the July 2007 transfer of assets from SGS to ESP LLC and the validity of Fifth Third Bank's alleged security interest must be determined by the bankruptcy court. Considering these factors, I believe the more prudent course is to postpone the entry of a progression order in this case until after the U.S. Bankruptcy Court for the Northern District of New York rules on the pending motions to lift the automatic stay.

**IT IS ORDERED** that counsel for the NASB, MTI and Fifth Third Bank shall file a joint status report with this court regarding the New York bankruptcy court's ruling on the pending motion(s) for relief from the automatic stay. The status report is due within 10 business days after the ruling.

**DATED July 17, 2008.**

                                **BY THE COURT:**

                                ***s/ F.A. Gossett***
                                **United States Magistrate Judge**