IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NEBRASKA ASSOCIATION OF SCHOOL BOARDS, INC.,** | ) ) ) | Case No.: 4:08CV3052 |
| Interpleader Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| **STRATEGIC GOVERNMENTAL SOLUTIONS, INC., MECCATECH, INC., EDUCATIONAL SERVICES & PRODUCTS, LLC, and FIFTH THIRD BANK,** | ) ) ) ) ) ) ) | |
| Interpleader Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss Interpleader Plaintiff (Filing No. 48) submitted by the Interpleader Plaintiff Nebraska Association of School Boards, Inc. ("NASB"). NASB represents to the Court that counsel for Interpleader Defendants MeccaTech, Inc. ("MTI"), and Fifth Third Bank have no objection to the motion or the relief sought. No response has been filed by any other party.[1]

---

[1]The Court is aware that two of the Interpleader Defendants, Strategic Governmental Solutions, Inc., and Educational Services & Products, LLC, have filed bankruptcy petitions in the United States Bankruptcy Court for the Northern District of New York, found at Case Nos. 08-11047-1-rel and 08-11400-1-rel (N.D.N.Y.). However, as the Court noted in its Order granting a preliminary injunction on April 14, 2008, (Filing No. 31), the bankruptcy automatic stays do not apply to these proceedings because an interpleader action is not an action to obtain possession of property of the bankruptcy estates or property from the estates, even though the debtors are among the parties claiming an interest in the interpleader funds. The funds are not considered part of the bankruptcy estates prior to a determination of title. *Price & Pierce Intern. Inc. v. Spicers Intern. Paper Sales, Inc.*, 50 B.R. 25 (S.D.N.Y. 1985).

## FACTUAL BACKGROUND

Effective July 1, 2005, the NASB entered into a Letter-of-Agreement with Educational Services & Products ("ESP"),[2] a division of Strategic Governmental Solutions, Inc. ("SGS"). (Filing No. 5, Amended Complaint ¶ 7, Attachment A.) Pursuant to the Letter-of-Agreement, SGS was to assist certain Nebraska school districts with filing medicaid reimbursement requests; in return, SGS was to be paid a percentage of the amounts recovered by the school districts. (*Id.*, ¶¶ 8 and 9). As of the date of the interpleader action, NASB had approximately $600,000 in funds that would ordinarily be paid to SGS. (*Id.,* ¶ 10). MTI asserted a claim to those funds, as well as funds that NASB expected to receive from the State of Nebraska that would normally be payable to SGS. On March 18, 2008, NASB initiated this interpleader action to determine the rightful payee. (Filing No. 1).

On March 21, 2008, ESP LLC notified NASB that SGS had assigned its rights in the Letter-of-Agreement to ESP LLC in July of 2007. ESP LLC requested the funds and indicated that if "this matter is not resolved in a timely basis, [outside counsel has been instructed] to initiate whatever legal actions he deems to be appropriate against the NASB and/or any other applicable entities." (Filing No. 5-4, p. 3, post script).

On March 21, 2008, NASB filed an Amended Complaint (Filing No. 5) and a Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 6). After notice was

---

[2] There are two separate entities with nearly identical names, Educational Services & Products ("ESP"), a division of SGS, and Educational Services & Products, LLC ("ESP LLC"), a Michigan corporation. (See Filing No. 5-2, Letter-of-Agreement and Filing No. 5-4, March 21, 2008, letter from ESP LLC to Andre Barry, attorney for Interpleader Plaintiff.)

2

provided to all parties, on March 24, 2008, the Court entered an Order permitting NASB to deposit $607,426.63 into the registry of the Court.  The Court also granted the NASB's request for an Order enjoining the Interpleader Defendants from instituting or prosecuting any action against NASB in any state or federal court for the recovery of the funds or otherwise affecting the funds at issue in this case.  After an April 14, 2008, hearing, the Court granted NASB's motion for preliminary injunction, continuing the injunctive relief granted in the temporary restraining order.  (Filing No. 31).

NASB now requests that the Court enter an Order dismissing it as a party in this case; discharging it from any further liability in connection with the deposited funds; restraining and enjoining the Interpleader Defendants from bringing any legal actions against NASB with respect to the deposited funds; requiring the Interpleader Defendants to litigate their respective claims to the funds; and granting NASB leave to submit an application for attorneys' fees and costs.  (Filing No. 48).

## ANALYSIS

> When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead; the court also may make any other order that is appropriate and convenient for the resolution of the competing claims.

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1714 at 627 (3d ed. 2001) (footnotes omitted).

For a detailed discussion of the applicability of the procedural device of interpleader to the circumstances of this case, the Court refers the reader to the discussion in the Court's April 14, 2008, Order granting preliminary injunctive relief (Filing No. 31).

NASB, as a disinterested stake holder, is entitled to be discharged from the interpleader proceedings and is entitled to the injunctive relief requested. NASB has deposited the disputed funds with the Clerk of the Court and claims no right to those funds. No opposition has been raised. The Court has jurisdiction over three of the four Interpleader Defendants in a related case, *MeccaTech, Inc. v. Kiser, et al.*, Case No. 8:05cv570 (D. Neb.), which, in combination with the Bankruptcy Court for the Northern District of New York, will likely determine entitlement to the funds deposited in this case. The Court's granting of the relief requested by NASB is consistent with the purpose underlying both statutory interpleader, 28 U.S.C. § 1335, and rule interpleader, Fed. R. Civ. P. 22, which serve to reduce litigation and to prevent inconsistent results.[3]

**CONCLUSION**

NASB's Motion to Dismiss Interpleader Plaintiff will be granted along with the injunctive relief sought. NASB will be granted leave to file an application for reasonable attorneys' fees and costs associated with this interpleader action. The Interpleader Defendants may respond to any such application in accordance with the local rules. The merits of any such request will be considered if, and when, the matter is properly before the Court.

IT IS ORDERED:

1.	The Motion to Dismiss Interpleader Plaintiff (Filing No. 48) is granted;

2.	The Interpleader Plaintiff, Nebraska Association of School Boards, Inc., ("NASB"), is dismissed as a party in this action;

---

[3] The bankruptcy automatic stays may delay a determination of the 05cv570 matter; however, the pending bankruptcy actions illustrate the need to limit additional litigation and prevent inconsistent results.

3.  The Clerk of the Court shall continue to hold the funds deposited by NASB in the amount of $607,426.63 in the registry of the Court, invested in an interest-bearing account, until further notice of the Court;

4.  Defendants Strategic Governmental Solutions, Inc. ("SGS"), MeccaTech, Inc. ("MTI"), Educational Services & Products, LLC ("ESP LLC"), and Fifth Third Bank, together with their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, are hereby restrained and enjoined from instituting or prosecuting any action against NASB in any state or federal court for the recovery of the funds or otherwise affecting the funds at issue in this case;

5.  NASB is granted leave to submit an application for costs and attorneys' fees incurred in connection with this interpleader action; and

6.  NASB will serve copies of this Order on all parties and on the bankruptcy trustees for SGS, Case No. 08-11047-1-rel (N.D.N.Y.): Philip J. Danaher, 252 Broadway, Rensselaer, NY 12144, and U.S. Trustee Diana G. Adams[4], 74 Chapel Street, Suite 200, Albany, NY 12207, and file proof of service within ten days of this Order.

Dated this 26th day of January, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

[4] Diana G. Adams is also the U.S. Trustee for Educational Services & Products, LLC, Case No. 08-11400-1-rel (N.D.N.Y.).